STEPHANIE L. QUINN (NV BAR NO. 12632)
COLLIN S. MCCARTHY (CA BAR ADMITTED PHV NO. 305489)
**QUINN • COVARRUBIAS**
2220 Douglas Boulevard, Suite 240
Roseville, CA 95661
Telephone: (916) 400-2300
Facsimile: (916) 400-2311
Email: squinn@quinncova.com
       cmccarthy@quinncova.com
       service@quinncova.com

JEFFREY S. SPENCER (NV BAR NO. 9197)
**SILVER STATE LAW, LLC**
61 Continental
Reno, Nevada 89509
Telephone: (775) 786-7445
Email: Jeff@sslawnv.com

Attorneys for Defendant
UNION PACIFIC RAILROAD COMPANY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RORY L. BUCKNER,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>    Defendant. | Case No. 3:22-cv-00479-MMD-CLB<br><br>*Assigned to the Honorable Miranda M. Du; Magistrate Judge Carla Baldwin*<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER RE: UNION PACIFIC RAILROAD COMPANY SAFETY HOTLINE RECORDS;**<br><br>Complaint Filed:   October 26, 2022<br>Trial Date:        Not set |

IT IS HEREBY STIPULATED by and between Plaintiff RORY L. BUCKNER and Defendant UNION PACIFIC RAILROAD COMPANY ("UPRR") (collectively, "the Parties"), by and through their respective counsel of record, that a Protective Order is necessary for the disclosure of certain UPRR records pertaining to its Safety Hotline reporting system, as requested in Plaintiff's Request for Production of Documents, Set Two, Request No. 48.

The Parties ask that the Court enter the proposed Stipulated Protective Order so that UPRR may provide certain records to Plaintiff's attorneys with the assurance that those records, along with any

copies, will not be retained or disseminated for use other than the instant litigation. Pursuant to the Parties' stipulation and good cause appearing:

IT IS HEREBY STIPULATED that Plaintiff RORY L. BUCKNER and his attorneys and agents, shall not use, disclose, produce, reproduce, or disseminate the Safety Hotline-related records, or parts thereof, produced pursuant to this Stipulated Protective Order for any purpose or reason not related this case.

IT IS FURTHER STIPULATED that if any of the Safety Hotline records produced pursuant to this Stipulated Protective Order, or parts thereof, are made available to any employee of the Plaintiff's attorneys' law firms or any outside expert or vendor, Plaintiff's attorneys will advise said employee, expert, or vendor, of this Stipulated Protective Order and instruct that person not to use, disclose, produce or disseminate the records for purposes not related to the instant litigation. The attorney responsible for providing the Safety Hotline records to others associated with this lawsuit shall maintain a written disbursement log which reflects when and to whom the records were provided and for what purpose.

IT IS FURTHER STIPULATED that at the conclusion of this case, any Safety Hotline records produced pursuant to this Stipulated Protective Order, and any copies thereof, remaining in the possession or control of Plaintiff and/or his counsel shall permanently deleted within thirty (30) days.

The parties acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal. Local Rule ("LR") IA 10-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal and shall be filed consistent with the court's electronic filing procedures in accordance with LR IA 10-5.

The parties acknowledge that the primary purpose of this protective order is to limit the use of the "protected material" to this lawsuit. Therefore, nothing in this Stipulated Protective order shall prevent a party from filing protected material in this action as reasonably necessary, provided that the filling party redacts any names or other personal identifiable information of non-parties prior to filing.

This Stipulated Protective Order may be executed in counterparts.

**Modification**

This Stipulated Protective Order may be modified only by written agreement of the Parties or order of the Court.

**Duration & Termination**

All provisions of this Stipulated Protective Order shall continue to be binding after the conclusion of this action unless subsequently modified by agreement of the Parties or order of the Court.

This Stipulated Protective Order shall remain in force and effect after the termination of this litigation until canceled or otherwise modified by Order of this Court.

**IT IS SO STIPULATED AND AGREED:**

DATED: 01/10/2025                **QUINN • COVARRUBIAS**

By: /s/ Collin S. McCarthy
Stephanie L. Quinn
Collin S. McCarthy
Attorneys for Defendant
UNION PACIFIC RAILROAD COMPANY

DATED: 01/10/2025                **HILDEBRAND, McLEOD & NELSON, LLP**

By: /s/
Anthony S. Petru
Charles S. Bracewell
Gabriel A. Siniscal
Attorneys for Plaintiff
RORY L. BUCKNER

## **ORDER**

Good cause appearing, the Stipulated Protective Order for Union Pacific Railroad Safety Hotline records produced pursuant thereto is HEREBY ORDERED.

The Court will only retain jurisdiction over this order while the case is pending and its jurisdiction will cease upon dismissal of the case.

Dated: January 13, 2025

_____
United States Magistrate Judge